UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **ROBERT MCGUIRE** | **CIVIL ACTION NO. 06-2178** |
| VS. | **JUDGE DRELL** |
| **CORRECTIONS CORPORATION OF AMERICA, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## REPORT & RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on November 13, 2006, by *pro se* plaintiff Robert McGuire. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is incarcerated at the Winn Correctional Center ("WCC"), in Winnfield, Louisiana. Plaintiff originally named as defendants: Secretary Richard Stalder, Corrections Corporation of America, WCC Warden Tim Wilkinson, Tim Keith, Dr. Pacheco, Lori Rodriguez, Pat Thomas, Kathy Richardson, Angie Davis, Sharon Rush, Mitzi Boyd Gaskill, Mary Fobbs, Carla Burke, LPN Mauterer, Corrections Officer Perot, Louisiana State Medical Center in Shreveport, and E.A. Conway Medical Center; however, the two medical centers have been dismissed from this action [Doc. #9]. Plaintiff prays for an injunction ordering WCC to "properly" treat his medical problems; he seeks over 2.5 million dollars in compensatory damages.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff has alleged, in general, that he was denied proper medical care by several individuals and entities named herein as defendants. Plaintiff was instructed to amend the complaint, and that amended complaint was filed on May 1, 2007. [Doc. #11]

The facts of the case are set forth, in detail, in the previous Report & Recommendation [Doc. #6] and Memorandum Order [Doc. #7].

## LAW & ANALYSIS

The constitutional right of a convicted prisoner to adequate and prompt medical care is based upon the Eighth Amendment's prohibition against cruel and unusual punishment. The Eighth Amendment is applicable to the States by reason of the Due Process Clause of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660, 675 (1962). The right to adequate medical care is violated only if the defendants act with **deliberate indifference to a substantial risk of serious medical harm, which results in injury.** Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Id. Mere negligence or a failure to act reasonably is not enough. In the instant case, Plaintiff alleged that WCC employees acted with deliberate indifference to his serious medical needs. Plaintiff also alleged liability on the parts of CCA, Richard Stalder, Tim Wilkinson, and Tim Keith.

1. Corrections Corporation of America

Although Corrections Corporation of America ("CCA") is a private corporation, it may be sued under 42 U.S.C. § 1983 for alleged constitutional injury because the operation of a prison is a fundamental government function. See Olivas v. Corr. Corp. of Am., 408 F. Supp. 2d 251, 254-256 (D. Tex. 2006)(citations omitted). The standards applicable to determining liability under § 1983 against a municipal corporation are also applicable to determining the liability of a private corporation performing a government function. See Eldridge v. CCA Dawson State Jail, 2004 U.S. Dist. LEXIS 16615, No.3:04-CV-1312-M, 2004 WL 1873035, at *2 (N.D.Tex. Aug. 19, 2004) (noting that the five circuits that have addressed the issue have extended Monell to private

corporations), findings and recommendation adopted, 2004 WL 2075423 (N.D.Tex. Sep. 16, 2004).

A private corporation performing a government function is liable under § 1983 only if three elements are found:

(1) The presence of a policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy or custom that caused the claimed injury. Webster v City of Houston, 735 F.2d 838, 842 (5th Cir. 1984) (en banc).

(2) The corporation must have an official custom or policy that could subject it to §1983 liability. See Victoria v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004), citing Monell, 436 U.S. at 691-92.

(3) A claimant must demonstrate that the corporate action was taken with the *requisite degree of culpability,* and show a direct causal link between the action and the deprivation of federal rights. Victoria, 369 F.3d 475, citing Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997); see also Piotrowski, 237 F.3d at 579, (emphasis added).

Culpability may be shown either through an unconstitutional official policy or through a facially innocuous policy that was implemented with deliberate indifference to a known or obvious consequence that a constitutional violation would result. See Piotrowski, 237 F.3d at 579. Such official policy could be found in policy statements or regulations, or through a persistent widespread practice, that although not officially adopted as a promulgated policy, is so common and well settled that if represents corporate policy. Piotrowski, 237 F.3d at 579. To establish the causation element, a plaintiff must show that the policy is the moving force behind the violation. Id. at 580.

In his original complaint, Plaintiff claimed that CCA was liable for WCC's failure to

authorize a "recommended surgery" due to a lack of funding. However, in his amended complaint, Plaintiff states that CCA is liable because CCA failed to authorize a "recommended and medically approved" surgery. Either way, Plaintiff does not set forth a policy or custom that caused him injury. Moreover, Plaintiff does not show any degree of culpability on the part of CCA. Even if CCA had denied the "recommended and medically approved course of treatment," an inmate's disagreement with medical treatment and/or unsuccessful treatment does not establish a constitutional violation. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 198); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1992) citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

To the extent that Plaintiff alleges liability against CCA based upon the actions of WCC or its employees, any such claims fail as a matter of law. See Piotrowski v. City of Houston, 237 F.3d 567, 578, reh'g en banc den'd, 251 F.3d 159 (5th Cir.), cert. den'd, 534 U.S. 820 (2001). That is, CCA may not be held liable on a theory of respondeat superior. See Olivas v. Correctional Corp. of America, 2007 WL 313597, *1 (5th Cir. 2007); citing Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978).

2. Richard Stalder, Tim Wilkinson, and Tim Keith

Plaintiff claims that Richard Stalder, Secretary of the Department of Public Safety and Corrections, Warden Tim Wilkinson, and former Assistant Warden Tim Keith are liable for Eighth and Fourteenth amendment violations. Plaintiff claims that Stalder, Wilkinson, and Keith subjected him to cruel and unusual punishment by not ensuring that Plaintiff receive a recommended surgery. Plaintiff seeks to hold the three men liable based on their positions of authority. It is well settled that

supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993); Jennings v. Joshua Indep. Sch. Dist., 877 F.2d 313 (5th Cir.1989), *cert. denied*, 496 U.S. 935 (1990).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference" encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. McCormick v. Stadler, 105 F.3d 1059 (5th Cir. 1997). The legal conclusion of deliberate indifference must rest on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." Whitley v. Albers, 475 U.S. 312, 319 (1986). Wantonness has been defined as "the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure." Smith v. Wade, 461 U.S. 30, 39-40 n. 8 (1983).

Thus, to make a showing of deliberate indifference, the inmate must submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Further, the

plaintiff must establish resulting injuries. Mace v. City of Palestine, 333 F.3d 621, 625 (5th Cir. 2003). Plaintiff has not provided any facts indicating that Stalder, Wilkinson, or Keith refused to treat the plaintiff, ignored his complaints, intentionally had him treated incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.

3. Dr. Pacheco, Lori Rodriguez, Pat Thomas, Kathy Richardson, Angie Davis, Sharon Rush, Mitzi Boyd-Gaskill, Mary Fobbs, Carla Burke, LPN Mauterer, Officer Perot

Plaintiff's allegations against staff members at WCC are conclusory and unsupported by facts. For example, Plaintiff alleges that Pat Thomas, medical director at WCC, had full control and authority over Plaintiff's medical records, which contain a recommendation for surgery. Plaintiff claims that Thomas intentionally delayed, denied, and interfered with the prescribed treatment to which he was entitled. [Doc. #11, p.4] Plaintiff's allegation against Pat Thomas is conclusory and entirely unsupported by facts. A plaintiff may not plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought. See Mikkelson v. Adams, 2006 U.S. Dist. LEXIS 87856 (D. Tex. 2006); Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989).

Plaintiff also claims that he was treated by certain medical staff members based on a "personal opinion" rather than "professional judgment." This allegation is conclusory and unsupported. Additionally, Plaintiff claims that the defendant pharmacy technician "conspired with her colleagues" to deprive Plaintiff of "prescription(s) and/or treatment prescribed." This allegation is vague, unsubstantiated, and conclusory.

To the extent that Plaintiff does present some factual allegations, those claims are indicative of a disagreement with the course of medical treatment rather than deliberate indifference. In fact,

according to the original and amended complaints, Plaintiff has frequently received some form of medical treatment since June 2005, including sick calls at WCC, treatment at outside facilities, and physical therapy. Plaintiff does not allege that he was denied treatment for his complaints; however, he claims that he is entitled to have an allegedly recommended surgical procedure and a specialized knee brace. Additionally, Plaintiff also claims that Dr. Pacheco failed to refer Plaintiff to a qualified outside physician specializing in the treatment of "severe knee injuries."

Clearly, Plaintiff disagrees with the course of treatment that he is receiving. However, a disagreement with medical treatment does not support a finding of deliberate indifference under the Eighth Amendment. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Therefore, while Plaintiff disagrees with the alleged denial of "recommended surgery" and a "specialized knee brace," he cannot establish that the defendants were deliberately indifferent to his serious medical needs.

For the forgoing reasons,

**IT IS RECOMMENDED** that Plaintiff's §1983 complaint be **DENIED AND DISMISSED** under 28 U.S.C. §1915(e)(2)(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an**

aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ____ day of June, 2007.

JAMES D. KIRK  
UNITED STATES MAGISTRATE JUDGE